IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. 07-29-GMS |
| KELIN BRADLEY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Kelin Bradley, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with knowingly passing counterfeit obligations of the United States, that is, Federal Reserve Notes, in violation of Title 18, United States Code, Section 472. The offense carries a maximum sentence of 20 years imprisonment, a $250,000 fine, or both; three years supervised release; and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following elements with respect to Count One of the Indictment: (1) that on or about the date alleged in the Indictment, the defendant passed counterfeit United States currency; (2) knowing that the currency was counterfeit; and (3) with the specific intent to defraud.

3. In accordance with this Agreement, the defendant admits that on or about February 10, 2007, he passed approximately $1,000 in United States currency, knowing that the currency was counterfeit, and so doing with the specific intent to defraud.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| /s/ Christopher Koyste<br>Christopher Koyste, Esquire<br>Attorney for the Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: /s/ Robert F. Kravetz<br>Robert F. Kravetz<br>Assistant United States Attorney |
| /s/ K. Bradley<br>Kelin Bradley, Defendant | |

Dated: September 18, 2007

AND NOW, this 18 day of Sept. 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

/s/ Gregory M. Sleet
Honorable Gregory M. Sleet
Chief United States District Judge

FILED

SEP 1 8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3